IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-02538-PAB-SP

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GERNOT JOHN NOELL,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Request for Clerk's Entry of Default Judgment against Gernot John Noell Under Rule 55(b)(1) [Docket No. 13].

## I.   BACKGROUND[1]

Defendant Gernot Noell was born in Germany in 1936, moved to the United States in 1963, and became a United States citizen in the 1970s. Docket No. 11 at 4, ¶ 17. Mr. Noell's last known address is in Ridgway, Colorado. *Id*. at 2, ¶ 3. Mr. Noell has a bank account in Colorado at Alpine Bank. *Id*. at 5, ¶ 33.

From 1980 to 2012, Mr. Noell had a financial interest in two foreign bank accounts. *Id*. at 3, ¶ 9. During 2009, 2010, and 2011, the aggregate amount in the accounts exceeded $10,000. *Id*., ¶ 10. Mr. Noell was required by law to file a reporting document, a Report of Foreign Bank and Financial Accounts, commonly known as an

---

[1] Because of the Clerk of Court's entry of default, Docket No. 8, the factual allegations in plaintiff's amended complaint, Docket No. 11, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

"FBAR," disclosing his financial interest in each of the accounts. *Id*. at 2-3, ¶¶ 6-7. Mr. Noell did not timely file an FBAR reporting his financial interest in the accounts for 2009, 2010, or 2011. *Id*. at 4, ¶ 15.

In 2013, Mr. Noell entered the Internal Revenue Service's ("IRS") Offshore Voluntary Disclosure Initiative ("OVDI"), whereby he submitted delinquent, original income tax returns and delinquent FBARs to the IRS. *Id*. at 6, ¶¶ 36-37. In 2014, Mr. Noell opted out of OVDI. *Id*., ¶ 41. In the untimely filed FBARs for 2009, 2010, and 2011, Mr. Noell admitted that he had an interest in the foreign accounts. *Id*. at 7, ¶ 54. A delegate of the Secretary of Treasury made assessments against Mr. Noell totaling $378,941.00. *Id*. at 8, ¶ 59. On October 13, 2020, the delegate provided notice of the assessments to Mr. Noell and made a demand for payment. *Id*., ¶ 60. Mr. Noell has not made payments towards the assessments. *Id*., ¶ 61.

Pursuant to 31 U.S.C. § 3711, the United States filed the present action to collect the unpaid civil penalties and interest imposed under 31 U.S.C. § 5321(a)(5) against Mr. Noell for his willful failure to report his interest in foreign investment accounts as required by 31 U.S.C. § 5314. *Id*. at 1, 3, ¶¶ 1-2, 8. The United States seeks a judgment against Mr. Noell for his unpaid civil penalties and interest in the amount of $437,661.28 as of September 29, 2022, plus interest and other statutory accruals from that date until fully paid. *Id*. at 9. Mr. Noell has not made an appearance in this case. On December 5, 2022, the Clerk of the Court entered default as to Mr. Noell. Docket No. 8. On January 1, 2023, the United States filed a motion for default judgment. Docket No. 13.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of

judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2022 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

To obtain a default judgment for a sum certain, the plaintiff must show the following by affidavit. First, that the party in default is (1) not a minor or an incompetent person, (2) is not in military service, and (3) has not made an appearance. D.C.COLO.LCivR 55.1(a)(1). Second, that the sum is certain or the sum can be made certain by computation. D.C.COLO.LCivR 55.1(a)(2). Additionally, as relevant here, the plaintiff must submit a proposed form of judgment that shows (1) the party in favor of

whom judgment shall be entered, (2) the party against whom judgment shall be entered, (3) the sum certain amount consisting of the principal amount, prejudgment interest, and the rate of post judgment interest, and (4) the sum certain of attorney fees. D.C.COLO.LCivR 55.1(b).

### III.   ANALYSIS

#### A. Jurisdiction

Before entering default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over the defendant. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

##### 1.  *Subject Matter Jurisdiction*

The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because this matter arises under federal law, was commenced by the United States, and involves the recovery of fines incurred under an act of Congress. *See* 28 U.S.C. §§ 1331, 1345, and 1355; *see also United States v. Fridman*, 2022 WL 1541549, at *2 (D.N.J. May 16, 2022) (holding that court had subject matter jurisdiction over lawsuit to collect penalties assessed under 31 U.S.C. § 5321(a)(5) for defendant's failure to file FBARs).

##### 2.  *Personal Jurisdiction*

The plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). The plaintiff can satisfy its burden by

making a *prima facie* showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further. *Id.* The plaintiff, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Id.*

In its motion, the United States does not address whether the Court has personal jurisdiction over Mr. Noell. *See generally* Docket No. 13. Given that it is the United States' burden to establish personal jurisdiction, *see Rambo*, 839 F.2d at 1417, this provides grounds to summarily deny the motion for default judgment. Nevertheless, the Court will address the possible grounds for personal jurisdiction.

### a) Service of Process

Proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."). Without proper service, the Court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992). The Federal Rules of Civil Procedure provide that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). On October 31, 2022, a process server served the summons and original complaint upon Mr. Noell personally at 1651 County Road 24 Ridgway, CO 81432. Docket No. 6 at 1. Therefore, service of the original complaint was proper.

On December 8, 2022, the United States filed an amended complaint. Docket No. 11. Under Fed. R. Civ. P. 5(a)(2), "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." District courts have found that changes to a pleading constitute a "new claim for relief" when a new party is joined, the demand for judgment is altered, the amount of damages sought is increased, new facts are incorporated, or the party seeks new declarations and injunctions. *Bodied by Bella Boutique LLC v. Bodyed by Bella LLC*, 2023 WL 356238, at *4 (D. Utah Jan. 23, 2023) (collecting cases); *see also Glass v. XTO Energy*, 2023 WL 2991105, at *1 (D.N.M. Apr. 18, 2023) (citation omitted) ("When new parties, claims, or substantive factual changes are added to an amended complaint, service on the defaulting party is required under Rule 5(a) of the Federal Rules of Civil Procedure."). "The purpose of Rule 5(a)(2) is to ensure that a party, having been served, is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served." *MacIntyre v. JP Morgan Chase, Nat'l Ass'n*, No. 13-cv-01647-WJM-MEH, 2014 WL 128032, at *4 (D. Colo. Jan. 14, 2014) (citation, quotations, and alterations omitted).

In the certificate of service for the amended complaint, the United States asserts that, "[b]ecause Defendant Gernot John Noell is in default (Doc. 8), and because no new claims or parties are being added by the amended complaint, he need not be served pursuant to Federal Rule of Civil Procedure 5(a)(2)." Docket No. 11 at 11. Nevertheless, the government indicates that it sent the amended complaint via U.S. Mail to Mr. Noell at 1651 County Road 24, Ridgway, Colorado 81432. *Id*.

The Court has reviewed the amended complaint and concludes that there are no new parties, claims, or substantial factual changes.  *Compare* Docket No. 1 *with* Docket No. 11; *see also* Docket No. 10-1 (red-lined amended complaint).  Most changes appear to be grammatical changes, such as changing the word "penalty" to "penalties." *Compare* Docket No. 1 at 1, ¶ 1 *with* Docket No. 11 at 1, ¶ 1.  The amended complaint also adds that Mr. Noell was a United States person within the meaning of 31 C.F.R. § 1010.350(b) during the calendar years of 2009, 2010, and 2011.  Docket No. 11 at 7, ¶ 50.  The United States seeks the same judgment against Mr. Noell in the amended complaint: "Judgment in favor of the United States and against Gernot Noell for his unpaid civil penalties in the amount of $437,661.28 as of September 29, 2022, plus interest and other statutory accruals from that date until fully paid."  Docket No. 11 at 9; *see also* Docket No. 1 at 9.  Mr. Noell was "in default" at the time the amended complaint was filed.  *See* Docket No. 8.  Accordingly, the Court concludes that service of the amended complaint was not required under Rule 5(a)(2).   Because service of the original complaint was proper, the Court finds that Mr. Noell has been properly served under Fed. R. Civ. P. 4(e)(2)(A).

### b)  Due Process

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).  The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-

124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process.  *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).  Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction.  *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).

A court may exercise general jurisdiction only when a defendant is "essentially at home" in the state.  *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).  "[A]n individual is subject to general jurisdiction in her place of domicile." *Id*. (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).  The Court finds that the allegations in the amended complaint are insufficient to establish that the Court has general personal jurisdiction over Mr. Noell.  The amended complaint states that "Mr. Noell's last known address is in Ridgway, Colorado."  Docket No. 11 at 2, ¶ 3.  The amended complaint also alleges that "Mr. Noell resides within this District."  *Id*., ¶ 5.  Residency at a particular address, however, is not synonymous with domicile.  *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be

9

domiciled in another" (citations omitted)).   Accordingly, the Court finds that these allegations are insufficient to establish that Mr. Noell is domiciled in Colorado.  *See Madison v. Avery*, No. 19-cv-02779-WJM-NYW, 2021 WL 4947239, at *6 (D. Colo. Aug. 9, 2021) (finding that the complaint did not establish general personal jurisdiction over defendant because it did not contain "any facts as to [defendant's] domicile—i.e., the state in which he (1) resides and (2) intends to remain indefinitely"); *Vora v. Dionne*, No. 22-cv-00572-CNS-MDB, 2023 WL 1784227, at *3 (D. Colo. Feb. 6, 2023), *report and recommendation adopted*, 2023 WL 2446222 (D. Colo. Mar. 10, 2023).

The Court next considers whether the complaint establishes specific personal jurisdiction over Mr. Noell.  "Specific jurisdiction. . . is premised on something of a quid pro quo: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts."  *Dudnikov*, 514 F.3d at 1078.  Courts typically make three inquiries to determine if a state's exercise of sovereignty over a defendant can be described as fair and just for specific jurisdiction: "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice."  *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013).  "Where, as here, the motion for default judgment is determined on the basis of the pleadings and affidavits, that burden may be met by a prima facie showing."  *Dappcentral, Inc. v. Guagliardo*, No. 21-cv-00809-PAB-SKC, 2022 WL 3920845, at *6 (D. Colo. Aug. 30, 2022) (internal alterations and citation omitted).  The United States fails to plead any facts that Mr. Noell purposefully directed

his activities at residents of Colorado or that the events at issue in this case arise out of those contacts. *See generally* Docket No. 11. The amended complaint states that Mr. Noell has a bank account in Colorado at Alpine Bank. *Id.* at 5, ¶ 33. However, the complaint does not allege that Mr. Noell's failure to file FBARs for the foreign accounts was directed at or connected in any way to the Colorado bank account. *See generally id.* Accordingly, the allegations in the amended complaint are insufficient to establish that the Court has specific personal jurisdiction over Mr. Noell.

The United States may be able to plead facts showing personal jurisdiction over Mr. Noell, but it has not done so at this stage. Accordingly, the Court will deny the request for default judgment without prejudice for failure to plead facts showing personal jurisdiction.[2]

## IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Request for Clerk's Entry of Default Judgment against Gernot John Noell Under Rule 55(b)(1) [Docket No. 13] is **DENIED without prejudice**.

DATED June 27, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[2] If the United States files a new motion for default judgment, the United States shall explain how the Court has personal jurisdiction over Mr. Noell. The United States shall also provide legal arguments as to why it is entitled to default judgment. *See* D.C.COLO.LCivR 7.1(d) (stating that a motion must be "supported by a recitation of legal authority"); *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (stating that the Court must evaluate "whether the unchallenged facts constitute a legitimate cause of action" such that a judgment should be entered).